# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RAYMOND JOHNSON,**

    **Plaintiff,**

vs.                                                    Case No. 4:09cv367-WS/WCS

**CAPTAIN STEVENS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983 on September 14, 2009. Doc. 1. Plaintiff has paid the assessed initial partial filing fee, doc. 6, and the complaint has now been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff submitted a Notice to the Clerk, doc. 3, along with the complaint and *in forma pauperis* motion, docs. 1-2, that advised Plaintiff "could be subjected to the three strike rules of the court," but stated that he had paid in full all past fees and reported not having filed any litigation in over five years. Doc. 3. Plaintiff contends that the law "was not designed to" permanently bar Plaintiff "out of the court forever." *Id.*

Plaintiff should not have been granted *in forma pauperis* status in light of this notice. Nevertheless, review has been made of Plaintiff's listing of his cases, and of Plaintiff's disclosure of his cases dismissed under 28 U.S.C. § 1915(e). That review makes clear that Plaintiff has not fully disclosed all cases. Furthermore, Plaintiff's notice on the bottom of his listing does not absolve him of his obligation to accurately report his prior litigation.[1]

Plaintiff disclosed many of his cases. However, Plaintiff did not list the following civil rights cases: 5:02cv343, dismissed as barred under 28 U.S.C. § 1915(g); 1:01cv4001, dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim; 1:01cv4923, dismissed as barred under 28 U.S.C. § 1915(g). This case may be dismissed solely on the basis that Plaintiff has not completely and accurately disclosed all prior cases. *See* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (permitting a case to be dismissed with a "strike" for failing to truthfully or completely disclose prior lawsuits). The "notice" that his list may not be correct is insufficient to warrant continuing this case. It is Plaintiff's obligation and responsibility to keep a correct listing of cases, the reason for dismissal, and the like. It is not the Court's duty to do so for Plaintiff.

Finally, Plaintiff stated in his Notice to the Clerk that he had paid in full all past fees. Doc. 3. That comment suggest that Plaintiff has paid all filing fees, but that is not true either. It is sufficient to note that in case 2:00cv14366, filed in the Southern District of Florida, Plaintiff did not pay *any* amount towards the $150.00 filing fee. Similarly, in case 1:01cv4001, also filed in the Southern District, Plaintiff did not submit any money

---

[1] Plaintiff wrote: "Petitioner has supplied the Court with what he believes to be a complete listting [sic] of all cases filed in the federal courts, but by no means should this constitutes [sic] a full listing." Doc. 1, p. 9.

towards the filing fee. Plaintiff has again inaccurately advised the Court concerning his litigation.

Therefore, this case should be dismissed for Plaintiff's failure to honestly disclose all prior cases. Plaintiff is barred under 28 U.S.C. § 1915(g) and should not have been granted leave to proceed *in forma pauperis* in the first place.

It is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failing to honestly and completely disclose all prior cases he has filed in the federal courts, and because Plaintiff is not entitled to be granted *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), and was well aware of that fact at the time he submitted his *in forma pauperis* motion and complaint. It is further **RECOMMENDED** that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on November 10, 2009.

                                      s/     William C. Sherrill, Jr.
                                      **WILLIAM C. SHERRILL, JR.**
                                      **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**