IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RAYMOND JOHNSON,

    Plaintiff,

vs.                                       Case No. 4:09cv367-WS/WCS

CAPTAIN STEVENS, et al.,

    Defendants.

    _____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, initiated this civil rights action in September, 2009. Docs. 1-3. Initially, he was granted *in forma pauperis* status and assessed an initial partial filing fee. Doc. 5. After payment of that fee, doc. 5, the case was reviewed and I discovery Plaintiff had failed to honestly disclose all prior cases he had filed. Doc. 7. Most importantly, I learned Plaintiff was not entitled to *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g). *Id.* I entered a report and recommendation which was adopted in part, by Senior United States District Judge William Stafford, who remanded to permit Plaintiff to pay the balance of the filing fee. Doc. 11. That order was entered on November 30, 2009, doc. 11, and I entered an

order on December 2nd, giving Plaintiff until January 8, 2010, to pay the balance of the filing fee. Doc. 12.

On December 28, 2009, Plaintiff filed a motion to extend the deadline for 60 days so that he could submit payment of the $348.21 balance of the filing fee. Doc. 15. That motion was granted, and Plaintiff was to pay the fee by February 26, 2010. Doc. 16. As of this date, Plaintiff has not paid the fee and he has now had over three months to do so. Further opportunities should not be extended. If Plaintiff wants to pursue this case, he may submit full payment of the filing fee at the same time he submits a new complaint.

It is worth noting that in the time Plaintiff should have provided the $ 348.21 balance owed, Plaintiff has instead filed frivolous motion for default judgment, doc. 17. In the motion, he requests an order from this Court, directed to prison officials, to remove the lien posted against his account as a result of this Court previously granting him *in forma pauperis* status, which was erroneously granted. The motion is denied. Had Plaintiff been forthright in his initial filings, he would not have been granted *in forma pauperis* status and the lien would not have been imposed. Plaintiff attempted to conceal the fact that he was barred under 28 U.S.C. § 1915(g) from proceeding without payment of the filing fee. It is Plaintiff's action that caused this situation, and he will not be relieved of that obligation. The motion for a default judgment should be denied because Plaintiff was advised in the prisoner consent form, which he signed, that he must pay the entire filing fee "regardless of the disposition of this case (including dismissal)." Doc. 2-1, p. 1.

Finally, Plaintiff's two motions for a protective order, docs. 9 and 18, should be denied. Plaintiff complains that when he did not want to have blood drawn for laboratory tests every three months, and requested doing so every six months instead, he was directed by medical personnel to sign a refusal form. Doc. 18. At another point, on February 15, 2010, he was sent to the medical department for a doctor's visit, and Plaintiff again refusal the visit, saying he "had no health problems." *Id.* Following those refusals, Plaintiff alleges his medications have been terminated. *Id.*, at 3.

These issues were not part of this case when initially filed and could not be exhausted claims. Plaintiff is not presenting allegations that enable him to proceed without payment of the filing fee. 28 U.S.C. § 1915(g). This case should now be dismissed for failure to comply with a court order to pay the balance of the filing fee, failure to prosecute, and all pending motions should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that all pending motions be **DENIED** and this case be **DISMISSED** for failure to comply with court orders to pay the filing fee, and failure to prosecute, and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 1, 2010.

    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**